IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAMILLE MACHARIA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 3:12-CV-4720-L |
| | § |
| KROGER TEXAS, LP, | § |
| | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Kroger Texas, LP's Motion for Summary Judgment (Doc. 12), filed December 20, 2013. After careful consideration of the motion, response, reply, record, and applicable law, the court **grants** Defendant Kroger Texas, LP's Motion for Summary Judgment.

**I.   Procedural and Factual Background**

Plaintiff Camille Macharia ("Plaintiff" or "Macharia") filed her Original Petition in the County Court at Law No. 2 of Dallas County, Texas, on September 28, 2012, against Defendant Kroger Texas, LP ("Defendant" or "Kroger"). Plaintiff alleges that she was injured after slipping and falling on a puddle of water near the plant display of a Kroger store located at 6850 N. Shiloh Road in Garland, Texas. She contends that Kroger was negligent in a number of respects.

Defendant removed the case to this court on November 19, 2012. In the live pleading, Plaintiff alleges that Kroger was negligent by: (1) failing to properly inspect and maintain the display to discover a dangerous condition; (2) failing to maintain the display in a reasonably safe condition; (3) failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the display; and (4) failing to remove the water on the ground. Kroger contends that it is entitled to

summary judgment because no genuine dispute of material fact exists regarding Macharia's claims of negligent activity and premises liability.

## II. Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact

**Memorandum Opinion and Order - Page 2**

to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Undisputed Facts

The following material facts are undisputed:

    A.    On January 6, 2011, Plaintiff visited the Kroger Texas, LP store located at 6850 N. Shiloh Road in Garland, Texas, to purchase bananas from Defendant.

**Memorandum Opinion and Order - Page 3**

   B. Plaintiff entered the store and walked to the right towards the produce department. She then walked towards the self-checkout area and past a display of plants and flowers. Plaintiff slipped and fell in the middle of a puddle of water near the display of flowerpots on the floor and on different levels. The pots were clay pots of different sizes with holes on the bottom.

   C. A Kroger employee named "Jason" was stationed in the self-checkout area near the spot where Plaintiff fell. The floral manager, Katherine Jancewicz, was working behind the counter in the floral department when Plaintiff fell. Jancewicz heard Plaintiff fall and scream. There was also a Kroger employee working in the customer service department of the store (about 25 feet away from the fall) at the time that Plaintiff fell.

## IV. Analysis

Kroger has moved for summary judgment on Plaintiff's claims. It argues that (1) Plaintiff has no evidence of the source or type of spill; (2) Defendant had no knowledge of an allegedly unreasonably dangerous condition; and (3) Plaintiff has no evidence of how long the substance was on the floor. Macharia opposes the motion and contends that (1) there is evidence of Defendant's constructive knowledge of a dangerous condition; (2) there is evidence of proximity, conspicuity, and longevity of the dangerous condition further proving constructing knowledge; and (3) Defendant's displaying of plants on the pallet demonstrates that some would not have had saucers to catch water, which constitutes a negligent activity.

### A.     Negligent Activity

Kroger first argues that it is entitled to judgment on Macharia's negligent activity claim. Kroger argues that Macharia is limited to a premises-liability cause of action since she was injured by a condition of the premises and not by an activity conducted by Kroger.  Kroger argues that liability for injury may be found under *either* a premises condition theory *or* a negligent-activity theory.  Macharia does not directly address the mutual exclusivity of both causes of action; however, she does contend that a negligent activity did occur when Defendant moved the pallet to the floral department prior to floral employees placing saucers under the plants.

Under Texas law, negligent activity and premises liability are separate claims:

> Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity.  Negligence in the former context means simply doing or failing to do what a person of ordinary prudence in the same or similar circumstances would have not done or done.  Negligence in the latter context means failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier [of land] knows about or in the exercise of ordinary care should know about.

*Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998) (internal quotations and footnotes omitted) (original brackets).  Additionally, "a negligent activity claim requires that the claimant's injury result from a contemporaneous activity itself rather than from a condition created on the premises by the activity; whereas a premises defect claim is based on the property itself being unsafe." *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)).  Kroger contends that the court should dismiss any claim by Macharia for negligent activity because her claim arises from the alleged condition that caused her to slip and fall.

**Memorandum Opinion and Order - Page 5**

The court determines that Macharia's claim is one of premises liability. Her claims arise from Kroger's alleged failure to prevent a harm to her caused by an alleged condition of water on the floor. Her claims are logically more focused on the condition of the water on the floor as opposed to the actual activity of the employees placing the plants on the display and avoiding the cleaning process. Accordingly, to the extent that Macharia brings a claim based upon negligent activity, there is no genuine dispute of material fact with respect to this claim, and Kroger is entitled to judgment as a matter of law on Plaintiff's claim of negligent activity.

### B. Premises Liability

The rest of Macharia's arguments focus on the evidence relating to her premises liability claim. The elements of a premises liability claim are:

> (1) [a]ctual or constructive knowledge of a condition on the premises by the owner or occupier; (2) [t]hat the condition posed an unreasonable risk of harm; (3) [t]hat the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) [t]hat the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000) (citations omitted). Kroger argues that there is no evidence that it knew or should have known of the allegedly hazardous condition and that there is no evidence that the allegedly hazardous condition presented an unreasonable danger of harm. Kroger further argues that since there is no evidence of how long the condition existed before the fall, Macharia has not met her burden of proof of notice. Kroger acknowledges that the requisite length of time can be established through circumstantial evidence, but it contends that such evidence is legally insufficient if it "supports only the possibility that the dangerous condition existed long enough to give [the defendant] a reasonable opportunity to discover it." Def.'s Br. in Supp. of Mot. for Summ. J. 8 (citing *Wal-Mart Stores, Inc. v. Gonalez*, 968 S.W.2d 934, 936 (Tex. 1998)).

Macharia argues that there is evidence of constructive knowledge of a dangerous condition. She contends that the court should analyze the combination of proximity, conspicuity, and longevity when considering the issue of constructive notice. She cites to the size and length of the puddle as evidence of the longevity and conspicuous nature of the dangerous condition. In terms of proximity, Macharia discusses the number and location of Kroger employees surrounding the alleged puddle.

To establish notice under Texas law, a plaintiff must establish: "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). The main issue in this case is whether Kroger should be liable under the theory of constructive notice. Texas law requires some evidence of how long a condition existed before holding an owner liable under a theory of constructive notice:

> What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented. And proximity evidence will often be relevant to the analysis. Thus, if the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it. Similarly, if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition. *But in either case, there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition*. Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach we have clearly rejected.

*Reece*, 815 S.W.3d at 816 (footnote and citations omitted) (emphasis added).

Kroger argues that Macharia has no evidence that it had actual or constructive knowledge of the allegedly hazardous condition. Kroger points to Plaintiff's responses to its Requests for Admissions. Plaintiff admits that she is not aware of any statements by any Kroger employee that he or she was aware that the puddle of water was on the floor before her fall. App. in Supp. of Def.'s Mot. for Summ. J. 27. Plaintiff also admits that she is not aware of any eyewitnesses who saw the puddle of water on the floor before she fell. *Id*. at 25. Plaintiff further admits that she is not aware of any photographs of the puddle of water on the floor that were taken before she fell. *Id*. Finally, she admits that she is not aware of any witnesses who have personal knowledge of whether the puddle of water was on the floor more than ten minutes before she fell. *Id*. at 26.

Kroger also refers to Plaintiff's deposition testimony. Plaintiff said that she never saw an employee watering the plants, that she did not know whether the water actually came from the plants, and that she never talked to anyone at Kroger who admitted that they knew there was water on the floor before she fell. *Id*. at 11. She specifically stated that she did not have any evidence to suggest that Kroger knew about the water on the floor before she fell. *Id*. at 12. She stated that she did not know if the employee near the self-checkout area saw that spill. *Id*. at 17-18. She said that she was not aware of any evidence to suggest how long the water had been on the floor before she fell. *Id*. at 11. Finally, she said that she did not know of any witnesses who saw the water on the floor before she fell. *Id*. at 12-13. In light of this evidence, Defendant contends that Plaintiff cannot show that it had constructive knowledge of the alleged condition.

To prove her claims, or create a genuine dispute of material fact, Plaintiff only points to her deposition testimony regarding the size and length of the puddle. App. of Exs. to Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J. 3-4. She also points to her testimony that a Kroger employee was

stationed approximately three feet from where she fell. *Id*. at 17.  Plaintiff also cites to the deposition testimony of the floral manager, who testified that she was working behind the counter in the floral department about twenty feet from the fall when it occurred. *Id*. at 21-23.  Finally, Plaintiff cites to the store manager's deposition testimony that three Kroger employees would have been within thirty feet of the area where Plaintiff fell at the time of her fall. *Id*. at 31-37.

The court has carefully considered the evidence and arguments presented by the parties.  It concludes that there is no evidence that Kroger had constructive notice of the alleged condition that caused Macharia's fall.  Plaintiff only argues that Kroger had constructive notice based on the shape of the puddle, the length of the puddle, and the number of employees in relatively close proximity to the puddle.  This type of evidence only supports the *possibility* that the dangerous condition existed long enough to give Kroger a reasonable opportunity to discover it; however, there must be some *proof* of how long the hazard was there before liability can be imposed.  Plaintiff admitted that she was aware of no statements from Kroger employees indicating awareness, no eyewitnesses who saw the puddle of water on the floor before she fell, no photographs of the puddle of water before she fell, and no witnesses who have personal knowledge about the length of time the puddle had been there.  Plaintiff also testified that she did not see any employee watering the plants, did not know if the water came from the plants, does not have any evidence to suggest that Kroger knew about the water before she fell, and does not know if the employee near the puddle saw the spill before she fell.

The case Plaintiff cites to support her position, *Wal-Mart Stores, Inc. v. Tinsley*, 998 S.W.2d 664 (Tex. App.    Texarkana 1999, pet. denied), is not on point and can easily be distinguished.  In *Tinsley*, there was evidence that Wal-Mart had been dealing with a leaking air conditioning system

**Memorandum Opinion and Order - Page 9**

for a long period of time. *Tinsley*, 998 S.W.2d at 668. There was also evidence in *Tinsley* of a sagging and stained ceiling and that Wal-Mart was using buckets to catch the dripping water. *Id*. Wal-Mart clearly had constructive, if not actual, notice of the ongoing problem with the leaky air conditioner. No such evidence has been produced by Plaintiff in this case. At best, Plaintiff speculates or conjectures that Kroger had constructive knowledge; however, speculation or conjecture is insufficient to raise a genuine dispute of material fact.

Accordingly, the court finds that there is no evidence of how long the alleged condition existed before Plaintiff fell, and therefore there is no evidence to support Plaintiff's theory that Kroger had constructive notice of the alleged condition. In other words, there is no competent summary judgment evidence that establishes Kroger had actual or constructive knowledge of how long the water had been on the floor so that it should have been discovered by Kroger. There is therefore no genuine dispute of material fact whether Kroger had notice of the allegedly dangerous condition, and Macharia fails to establish the first element of a premises liability claim under Texas law. Accordingly, Kroger is entitled to judgment as a matter of law on this claim.

## V.     Conclusion

For the reasons stated herein, the court concludes that there is no genuine dispute of material fact as to either of Plaintiff's claims and that Kroger is entitled to judgment as a matter of law. Accordingly, the court **grants** Defendant's Motion for Summary Judgment. This action is **dismissed with prejudice**. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, the court will enter judgment by separate document.

**It is so ordered** this 27th day of February, 2014.

_____
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 11**